**EXHIBIT A**
(Attached to Plaintiff's Motion for Leave to Amend Complaint)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

**DILLON TOLBERT**, Plaintiff,
v.
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, Defendant.
Civil Action No. 9:25-CV-00267-MJT-ZJH

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 28 2025

BY
DEPUTY

# FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW Plaintiff **Dillon Tolbert**, appearing pro se, and for cause of action against **Defendant Texas Department of Criminal Justice** ("TDCJ"), respectfully submits this First Amended Complaint, stating as follows:

## I. INTRODUCTION

1. This action arises from unlawful employment practices committed by Defendant in violation of federal law, including Title VII of the Civil Rights Act of 1964 and related statutes prohibiting retaliation and discrimination. 2. Plaintiff files this First Amended Complaint to include new facts demonstrating retaliatory treatment, unequal workload assignments, and unsafe working conditions imposed after Plaintiff engaged in protected activity.

## II. PARTIES

3. Plaintiff: Dillon Tolbert, an individual and resident of Lufkin, Angelina County, Texas.
4. Defendant: Texas Department of Criminal Justice ("TDCJ"), a state agency operating within the Eastern District of Texas, Lufkin Division, with its principal offices located in Huntsville, Texas.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law. 6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the acts complained of occurred within the Eastern District of Texas, Lufkin Division, and Defendant conducts business therein.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff re-alleges and incorporates by reference all prior paragraphs of the original Complaint as if fully set forth herein. 8. Beginning on or about July 7, 2025, Plaintiff was directed by managers Kristi Barron, Lauren Newton, Anita Moore, Sherri Jackson, and Tiffany Metcalf to perform daily document-scanning duties using a Canon imageFORMULA DR-6010C office document scanner. 9. Plaintiff was required to scan approximately 700 pages per day, although scanning and digitization

work were not part of Plaintiff's official job description, and no formal training for such duties was provided. 10. Upon information and belief, other employees in the same department and job classification were not assigned similar scanning quotas or monitoring requirements. 11. The quota exceeded normal administrative expectations and resulted in physical strain, fatigue, and emotional distress. 12. Plaintiff raised concerns with supervisors and Human Resources regarding the unfair and unsafe nature of these duties; however, management failed to address or correct the situation. 13. Plaintiff believes and therefore alleges that the imposition of the 700-page-per-day requirement was retaliatory, occurring after Plaintiff engaged in protected activity related to a prior EEOC complaint or grievance. 14. The unequal assignment constituted a material adverse change in the terms and conditions of employment. 15. Defendant's actions were willful and violated Title VII and other applicable federal employment statutes prohibiting retaliation and disparate treatment. 16. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer emotional distress, physical pain, and harm to professional standing.

# V. CAUSES OF ACTION

### Count 1 – Retaliation (Title VII)
17. Plaintiff engaged in protected activity under federal law.
18. Defendant, through managers Kristi Barron, Lauren Newton, Anita Moore, Sherri Jackson, and Tiffany Metcalf, imposed an excessive and unequal scanning quota in retaliation for that protected activity.
19. Such conduct constitutes unlawful retaliation under 42 U.S.C. § 2000e-3(a).

### Count 2 – Unequal Treatment / Discrimination
20. Defendant subjected Plaintiff to terms and conditions of employment different from those of similarly situated employees.
21. The disparate treatment was not based on legitimate business necessity and violated Plaintiff's rights under federal law.

# VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dillon Tolbert respectfully requests that this Honorable Court:
a. Grant leave for this Amended Complaint to be filed as part of the record;
b. Declare that Defendant's actions—including assignment of excessive scanning duties—violated Plaintiff's rights under federal law;
c. Award compensatory damages for emotional distress and physical pain;
d. Grant equitable and injunctive relief restoring Plaintiff's proper job duties and protecting Plaintiff from further retaliation; and
e. Grant any further relief the Court deems just and proper.


**/s/ Dillon Tolbert**
DILLON TOLBERT, Plaintiff Pro Se
1465 Edgewood Circle
Lufkin, Texas 75904
Phone: (936) 219-4611
Email: stonewallcenter@gmail.com
Date: October 28, 2025

## CERTIFICATE OF SERVICE

I, Dillon Tolbert, hereby certify that on this 28th day of October 2025, a true and correct copy of the foregoing First Amended Complaint (Exhibit A) and Plaintiff's Motion for Leave to Amend Complaint was mailed by United States Postal Service, first-class postage prepaid, to the following addresses:

**Texas Department of Criminal Justice**
Attn: Office of General Counsel
861-B I-45 North
Huntsville, Texas 77320

**Office of the Attorney General of Texas**
Employment Litigation Division
209 West 14th Street
Austin, Texas 78701

and electronically filed via the Court's CM/ECF system, which will send notice to all registered parties.

**/s/ Dillon Tolbert**
DILLON TOLBERT, Plaintiff Pro Se